## No. 9856.

### CAROLINE MEHLÉ AND HUSBAND ET AL. VS. BALTHAZAR BENSEL.

Notwithstanding a plea of *res judicata* is sustained, and a portion of plaintiffs' demands are dismissed, leaving others in controversy, involving less than $2000, this Court is not necessarily divested of jurisdiction thereby.

The usufructuary is bound·to keep the things of which he has the usufruct, and take the same care of them as a prudent owner would; and he is answerable for such losses as are produced from his default or neglect.

He is liable for all the expenses for the preservation of the property and the payment of taxes.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*John Ray* for Plaintiffs and Appellants.

*Braughn, Buck, Dinkelspiel & Hart* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. Plaintiffs, as sole surviving heirs of Magdalena Aaron and issue of her marriage with Philip Mehlé, instituted this suit against the defendant—who was her second husband, and survived her—for the possession of a certain piece of improved real estate in the city of New Orleans, and $800 damages done the property and $2750 rents and revenues thereof.

They represent that soon after the death of their mother, on the 21st of April, 1875, the defendant took illegal possession and control of said property, as usufructuary, and has been receiving and using the revenues thereof, and that they amounted to $25 per month.

That defendant claims to be usufructuary by virtue of a testamentary disposition to that effect in the will of their deceased mother, in pursuance of which he was put in possession of said property; but they aver that, if same was ever done, it was done in an *exparte* proceeding and without notice to them, and without giving bond, as required by law, and same are null as to them.

They charge that defendant caused no inventory to be taken of the property subject to the usufruct, *contradictorily with them*, and that *that* was necessary to entitle him to take possession as usufructuary.

That since defendant has taken possession of said property, he has abused it by suffering it to go to decay for want of repairs, and some of the improvements thereon to be removed or destroyed, so that, in consequence, its value has been diminished fifty per cent, and ·on which score they claim $800 damages.

That he has failed to pay the State and city taxes for several years,

as it was his duty to have done, if he was usufructuary, and on that account said property is liable to be sold at any time.

That he has failed to insure said property against loss by fire.

They allege that the will under which the defendant derives his title as usufructuary, is null and void, in so far as same gives him the usufruct of her *entire* estate, because she had children of a former marriage, and she was legally prohibited from giving to her second husband more than *one-fifth* of her estate in usufruct, to which, in any event, they claim it should be restricted.

They pray, in the alternative that, if the court should hold, and treat defendant as usufructuary, that said usufruct be annulled and set aside, and that the property be restored to them.

## I.

*In limine* the defendant tendered a plea of *res judicata*, predicated upon a previous suit between the same parties, on the same causes of action, and which was finally adjudged and determined between them, and he claims that it is a bar to all the demands set up in this suit.

This plea was sustained by the judge *a quo* "so far as to dismiss all portions of the petition of the plaintiffs that allege the nullity of the will      *      *      giving the usufruct to the defendant, or *calling in question, in any manner the legality* or *regularity* of said usufruct.

It was overruled as to that portion of the petition that alleges *abuse* by the usufructuary of the property ; its waste and dilapidation ; and their claim for resulting damages.

The plaintiffs urge in this court—neither in argument, plea, or brief—any complaint of that decree ; nor did they reserve a bill.

## II.

Here defendant's counsel insists that this court is without jurisdiction *ratione materiæ*, because the claims and demands of the plaintiffs are in amount much less than $2000.

On the contrary, plaintiff's counsel argues that, while the judgment entitles defendant to the usufruct, it does *not* dispense him from compliance with the law entitling him to it; that he may be legally entitled to the usufruct, yet, if he does not comply with the law authorizing him to be put in possession, he has no right to the *enjoyment* of it

Hence defendant is bound to the plaintiffs for the revenues of the property during the period of his occupancy of the premises.

. This argument is clearly untenable. The interlocutory decree of the court below not only dismissed plaintiffs' suit in so far as it called "in question in any manner the *legality* or *regularity* of the usufruct;

but the issues remaining in the suit were enumerated and particularly specified, viz: ·

1st.   The abuse of the property subject to the usufruct.

2d.   Its waste and dilapidation.

3d.   The resulting claim for damages.

4th.   The question of bond.

The demand for $2750 revenues was thereby eliminated from the plaintiffs' petition, and they did not reserve any bill of exceptions to the ruling of the court.

While the effect of this interlocutory order was to *reduce* the demand to a sum less than $2000, *pendente lite*, it does not result therefrom that this Court is deprived of jurisdiction.

## III.

The property subject to the usufruct, which has been terminated by the death of the defendant since the institution of this suit, was of small value at the death of the testatrix.

It consisted of a small lot of ground in the Fourth District of the city of New Orleans, on which there were, at the time, two small tenement houses or cottages, constructed of flatboat lumber, and not plastered within.   This property was usually rented by the defendant at $25 per month; since his death at $14 per month.

The roof is shown to be in a bad condition, but that is in part referable to the fact that the slate used, originally, was of an inferior quality.

The defendant is shown to have defaulted in payment of taxes for several years; but the plaintiffs contributed to his default by having fraudulently procured a sale of the property for taxes, under which they received and used its revenues for more than a year, when it was judicially annulled and the defendant restored to possession.

The proof shows that defendant, representing the matrimonial community theretofore existing between himself and the testatrix, furnished the means for the construction of the tenements on said property, and for his share of one-half, he obtained judgment against the plaintiffs in prior litigation for about $500, and no part of same has been paid.

The judgment appealed from condemned the defendant to pay the delinquent taxes on the property; to restore an awning that had been permitted to decay, or pay its value, which was fixed at $25; to rebuild a wood-shed that had been torn down, or pay its value, which was fixed at $25; and required him to furnish security in the sum of $500,

as usufructuary, and rejected and disallowed plaintiffs' demand for damages.

At the time of his death the defendant is represented to have been quite an old man. His administrator has been made a party to this appeal.

An examination of the record has convinced us that the judge *a quo* did substantial justice between the parties, and we will not alter his decree.

The effect of defendant's death during the pendency of the appeal will be to dispense the administrator from giving bond and to entitle plaintiffs to be placed in the possession of the property subject to the usufruct.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to dispense defendant's legal representative from giving bond, and to entitle plaintiffs to possession of the property subject to the usufruct of the defendant, which terminated at his death, during the pendency of this appeal; and that in all other respects it be affirmed, with costs of appeal to be paid by the plaintiffs and appellants, and those of the lower court as directed in said decree.

Judgment amended and affirmed.

Mr. Justice Todd being absent, takes no part in this opinion.